# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>    Steven Carl Landin,<br><br>                  Debtor. | Chapter 7<br>Case No. 23-41323 |
| Erik A. Ahlgren, Trustee,<br><br>                  Plaintiff,<br><br>vs.<br><br>Robert Eugene Landin,<br><br>                  Defendant. | Adv. Pro. _____ |

## COMPLAINT TO RECOVER AVOIDABLE TRANSFERS

Erik A. Ahlgren, trustee in the above referenced case and plaintiff herein (the "Plaintiff" or "Trustee"), by and through his attorney, brings this complaint to recover monies transferred by Steven Carl Landin ("Debtor") to Robert Eugene Landin ("Defendant") prior to the filing of Debtor's petition in Bankruptcy.

### JURISDICTION AND VENUE

1. Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq (the "Bankruptcy Code") on July 5, 2023, and the case remains pending.

2. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Section 547(b) of the Bankruptcy Code to recover avoidable transfers made by the Debtor to Defendant.

3. Jurisdiction of this Court is founded upon 28 U.S. C. § 1334.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. The District of Minnesota is the proper venue for this proceeding pursuant to 28 U.S.C. §1409.

6. The Trustee consents to final orders or judgment of this court.

## PARTIES

7. The Trustee has been appointed and is serving as trustee under §701 of the Bankruptcy Code. The Trustee has authority to bring this action under Rule 6009 of the Federal Rules of Bankruptcy Procedure.

8. Defendant is an individual residing at 5341 75th Street NW, Pennock, Minnesota 56279.

## BACKGROUND

9. On or about June 5, 2023, the Debtor took a distribution from his account with the Duininck Companies 401(K) Plan. The gross amount of the distribution was $10,000. After withholding $2,000 for taxes, the Debtor received a check for $8,000.

10. The Debtor then endorsed the $8,000 check with the instruction "Pay to the order of [Defendant]".

11. After endorsing the $8,000 check, the Debtor gave the check to Defendant.

12. The Defendant is the Debtor's brother.

13. On June 20, 2023, Defendant deposited the Debtor's $8,000 check in his Financial Security Bank account number xxx659.

14. Defendant is the sole owner of the Financial Security Bank account in which the $8,000 check was deposited.

15. Defendant had dominion and control over Financial Security Bank account number xxx659.

16. Defendant transferred some of the funds in Financial Security Bank account number xxx659 for the benefit of Debtor, including $2,185 to LifeBack Law to pay for Debtor's bankruptcy filing.

**COUNT I: AVOIDANCE PURSUANT TO 11 U.S.C. § 548(a)(1)(A)**

17. Plaintiff restates and reincorporates herein by reference the allegations contained in the paragraphs above.

18. Pursuant to 11 U.S.C. § 548(a)(1)(A), "the trustee may avoid . . . any transfer of an interest of the debtor in property . . . made . . . within 2 years before the date of the filing of the petition . . . if the debtor . . . made such transfer . . . with actual intent to hinder, delay or defraud" a creditor.

19. The Debtor transferred $8,000 to Defendant by delivering the endorsed check to Defendant.

20. The $8,000 transferred to the Defendant was property of the Debtor.

21. The transfer was made within 2 years of the Debtor's bankruptcy filing.

22. The Debtor transferred the $8,000 to the Defendant with the intent to hinder, delay, or defraud his creditors.

23. Among the badges of fraud are the following:

   a. The transfer was made to an insider, his brother;

   b. The Debtor effectively retained control of the funds by being able to utilize them for his own benefit;

   c. The transfer occurred approximately 15 days prior to his bankruptcy filing;

   d. The transfer occurred when he was actively planning to file for bankruptcy;

   e. On information and belief, the transfer was not disclosed to his creditors though the Debtor was regularly receiving collection letters and telephone calls from creditors at the time of the transfer; and

   f. The $8,000 was substantially all of the assets of the Debtor at the time of the transfer.

24. Based on the foregoing, the Trustee is entitled to avoid the transfer and recover the $8,000 transferred from the Debtor to Defendant pursuant to 11 U.S.C. § 548(a)(1)(A).

### COUNT II: AVOIDANCE PURSUANT TO 11 U.S.C. § 548(a)(1)(B)

25. Plaintiff restates and reincorporates herein by reference the allegations contained in the paragraphs above.

26. The Debtor transferred $8,000 to Defendant by delivering the endorsed check to Defendant.

27. The $8,000 transferred to the Defendant was property of the Debtor.

28. The transfer was made within 2 years of the Debtor's bankruptcy filing.

29. The Debtor received less than a reasonably equivalent value in exchange for the transfer of the Assets.

30. The Debtor was either insolvent at the time of the transfer or became insolvent as a result of the transfer.

31. Based on the foregoing, the Trustee is entitled to avoid the transfer and recover the $8,000 transferred from the Debtor to Defendant pursuant to 11 U.S.C. § 548(a)(1)(B).

**WHEREFORE,** the Plaintiff respectfully requests that this Court grant judgment as follows:

(a) Order the Defendant to return to Plaintiff the sum of $8,000 based on 11 U.S.C. § 548(a)(1)(A) and 11 U.S.C. § 550;

(b) Alternatively, order the Defendant to return to Plaintiff the sum of $8,000 based on 11 U.S.C. § 548(a)(1)(B) and 11 U.S.C. § 550; and

(c) Grant Plaintiff's costs of this action together with such other and further relief to the Plaintiff as may be just and proper.

Ahlgren Law Office, PLLC

Dated: October 18, 2023          /e/Erik A. Ahlgren

Attorney #191814
220 West Washington Ave, Ste 105
Fergus Falls, MN 56537
Office: 218-998-2775
Fax: 218-998-6404
erik@ahlgrenlawoffice.net

ATTORNEY FOR TRUSTEE