UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 23-41323 |
| Steven Carl Landin, | |
| Debtor. | Chapter 7 |

| | |
|---|---|
| Erik A. Ahlgren, Trustee, | Adv. Proc. No. 23-4064 |
| Plaintiff, | |
| v. | |
| Robert Eugene Landin, | |
| Defendant. | |

MEMORANDUM DECISION AND ORDER

The Chapter 7 trustee commenced this adversary proceeding by filing a complaint to avoid a prepetition transfer from Debtor to Robert Eugene Landin, the Debtor's brother (the "Complaint"). [ECF No. 1]. Defendant filed an answer and amended answer (as amended, the "Answer") [ECF Nos. 7, 10]. The matter was referred to mediation, but the parties were unable to resolve the matter. [ECF Nos. 11, 14]. The Trustee filed a motion for summary judgment (the "Motion") [ECF No. 17]. Defendant opposed the Motion (the "Response") [ECF No. 20]. The Court held a hearing on May 15, 2024 (the "Hearing"), appearances were noted on the record, and the matter was taken under advisement. The matter is now ready for disposition and the Motion is granted. As explained hereinafter, the transfer is

avoidable because it is "constructively fraudulent" under Section 548 of the Bankruptcy Code. Defendant is liable for the full amount of the transfer because he is as an "initial transferee" under Section 550 of the Bankruptcy Code.

## JURISDICTION

The Bankruptcy Court has jurisdiction to hear and determine this dispute pursuant to 28 U.S.C. §§ 157 and 1334. This is an adversary proceeding, as required by Fed. R. Bankr. P. 7001(1), related to a chapter 7 bankruptcy case filed in the U.S. Bankruptcy Court for the District of Minnesota, In re Steven Carl Landin, Case No. 23-41323. The Complaint seeks relief pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550, or in the alternative, pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550. The matter is thus a "core" proceeding under 28 U.S.C. § 157(b)(2)(H). The parties affirmatively confirmed their consent to entry of final orders by the Bankruptcy Court in this proceeding, as required by Fed. R. Bank. P. 7008 and 7012(b).

## BACKGROUND

Plaintiff alleged and Defendant admitted the following facts. Debtor voluntarily commenced a chapter 7 case on July 5, 2023. [Cplt. at ¶1, Ans. at ¶ 1]. On or about June 5, 2023, Debtor took a $10,000 distribution from his 401(k) account. After withholding $2,000 for taxes, Debtor received a check for $8,000 (the "Check"). [Cplt. at ¶9, Ans. at ¶ 9]. Debtor endorsed the Check with the instruction "Pay to the order of [Defendant]." [Cplt. at ¶10, Ans. at ¶ 10]. Defendant is Debtor's brother. [Cplt. at ¶12, Ans. at ¶ 12]. On June 20, 2023, Defendant deposited the Check into his checking account at Financial Security Bank (the "FSB Checking Account"). [Cplt. at

¶13, Ans. at ¶ 13]. Defendant is the sole owner of the FSB Checking Account. [Cplt. at ¶14, Ans. at ¶ 14]. Defendant had dominion and control over the FSB Checking Account. [Cplt. at ¶15, Ans. at ¶ 15]. Defendant concedes all the foregoing, but he denies "any wrong doing or allegations in this bankruptcy." [Ans. at p. 1]. Defendant further explained that Debtor and Defendant entered into this arrangement intentionally because "…Steven Landin my brother had no checking account, not knowing how many people or places he would have to pay during the filing." Id. Stated differently, the Trustee and Defendant agree the transfer occurred, but they disagree about its legal significance, and thus the Trustee moved for summary judgment after requests for turnover and settlement failed.

## DISCUSSION

### Legal Standard for Summary Judgment

Rule 56(c), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, permits this court to grant summary judgment on a claim if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Acton v. City of Columbia, 436 F.3d 969, 975 (8th Cir. 2006). A fact is "material" if resolving it might affect the outcome of a suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. A party opposing a motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial," and may not rest on mere allegations or denials of the pleadings.

Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). If a non-movant fails to raise a genuine issue of material fact, movant is entitled to judgment as a matter of law. Id.

This matter is ripe for summary judgment because there is no genuine dispute as to any material fact. As stated in the preceding section, Defendant did not dispute the Trustee's key allegations regarding the transfer. In his Response, Defendant admitted all relevant facts and in rebuttal, he focused exclusively on his subjective intentions with respect to the Transfer. Defendant is steadfast in his belief that he and his brother were entitled to transfer $8,000 in cash, about two weeks prior to the Debtor's voluntary filing, to avoid such funds becoming part of the Debtor's bankruptcy estate. Defendant's only explanation is that he and his brother wanted to retain and direct the disposition of such funds outside of the Debtor's bankruptcy case. At the Hearing, Defendant refused to turnover any remaining funds to the Trustee settle the matter. The Court offered to wait until at least May 29, 2024 to issue a written decision, to allow the parties a final opportunity to settle. Accordingly, the Court shall discuss the legal significance of the transfer under the Bankruptcy Code.

### The Transfer is Constructively Fraudulent under § 548(a)(1)(B)

In this case, "Transfer" refers to a $8,000 Check that was deposited into the FSB Checking Account on June 20, 2023. [Cplt. at ¶13, Ans. at ¶ 13]. The Transfer is avoidable, i.e., the Trustee may recover the Transfer, because it is "constructively fraudulent" under Section 548(a)(1)(B) of the Bankruptcy Code. In relevant part, Section 548 states:

> (a)(1) The Trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> . . .
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation[.]

As a practical matter, Section 548 provides that the Transfer may be avoided by the Trustee if the following criteria are met: (1) the Transfer occurred within 2 years of the petition date; (2) Debtor received less the reasonably equivalent value in the Transfer; (3) Debtor was insolvent on the date that Transfer was made or would become insolvent as a result of such Transfer.

The Court will address each of the three elements in turn. First, Defendant concedes the Check was deposited to the FSB Checking account on June 20, 2023 and Debtor voluntarily commenced his chapter 7 case on July 5, 2023. There is no dispute the Transfer occurred less than two years before the petition date. Second, Section 548(a)(1)(B) requires Trustee to demonstrate Debtor received less than reasonably equivalent value in exchange. To do so, the Trustee must show: (1) a value was given; (2) it was given in exchange for the Transfer; and (3) what was transferred was not reasonably equivalent to what was received, hence less. In re S. Health Care of Arkansas, Inc., 309 B.R. 314, 319 (B.A.P. 8th Cir. 2004). Here, value was given when the Check for $8,000 was deposited to the FSB Checking Account. In exchange,

Defendant disbursed $2,185 to LifeBack Law Firm ("LifeBack") to pay Debtor's legal fees. [Cplt. at ¶ 16, Ans. at ¶ 16]. Defendant also states that he was holding the money on behalf of the Debtor, thus Debtor received a "legal and equitable interest in $4,300" in exchange for the Check. [Debtor's Resp., ECF No. 20, at ¶¶ 17, 31]. Even if the Court assumes the latter statement is true, Debtor received a total benefit of $6,485 from the $8,000 transfer. The benefit to the Debtor is less than the amount of the Transfer and Debtor's estate was diminished by the transfer.

Third, Debtor was insolvent at the time of the Transfer. The term "insolvency" is defined in the Bankruptcy Code as:

> "a financial condition such that the sum of such entity's debts is greater than all of such entity's property at a fair valuation, exclusive of (i) property transferred, concealed, or removed with intent to hinder, delay or defraud such entity's creditors; and (ii) property that may be exempted from property of the estate under section 522 of this title."

11 U.S.C. § 101(32)(A). Debtor filed for bankruptcy about two weeks after the Transfer with debts that exceeded his assets by more than $25,000. [Case No. 23-41323, ECF No. 1]. For all the foregoing reasons, the Transfer is avoidable because it is constructively fraudulent under Section 548(a)(1)(B) of the Bankruptcy Code.

### Defendant is Liable for the Transfer under § 550

Once it has been determined that a transfer is avoidable under the Bankruptcy Code, Section 550 provides that a trustee may recover "the property transferred, or, if the court so orders, the value of such property." 11 U.S.C. § 550(a). The fundamental

purpose of Section 550 is to replenish or restore the bankruptcy estate to its pre-transfer condition. In re Willaert, 944 F.2d 463, 464 (8th Cir. 1991).

More specifically, Section 550(a) determines "from whom" the Trustee can recover the value of an avoidable transfer. In re Sherman, 67 F.3d 1348, at 1356 (8th Cir. 1995). A trustee may recover from the "initial transferee of such transfer or the entity for whose benefit such transfer was made[.]" 11 U.S.C. § 550(a)(1). A trustee can also recover from "any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a)(2). In this case, Defendant is the "initial transferee" of the Transfer, as such term is used in Section 550(a)(1). Debtor endorsed the Check over to Defendant and Defendant deposited the Check into his FSB Checking Account. [Cplt. at ¶10-13, Ans. at ¶ 10-13]. By contrast, LifeBack is an example of an "immediate transferee…of such initial transferee" under Section 550 (a)(2) because Defendant subsequently disbursed part of the $8,000 to LifeBack.

To be an initial transferee under Section 550(a)(1), a party must be the first person to have "dominion and control over the transferred funds." In re Reeves, 65 F.3d 670, 676 (8th Cir. 1995). To have "dominion" over funds is to have "legal title to them and the ability to use them as [the party] sees fit." In re AgriProcessors, Inc., 859 F.3d 599, 605 (8th Cir. 2017). To explain "control" over funds, the Eighth Circuit explains that a party must have "real control." Id. Similarly, the Ninth Circuit has focused on whether a party "truly had control of the money", meaning as a practical matter, such party had discretion or authority over to direct their disbursement. In re Incomnet, Inc., 463 F.3d 1064, 1070-71 (9th Cir. 2006). Defendant expressly

admitted he was the sole owner of the FSB Checking Account, and he had dominion and control over the $8,000 once it had been deposited into such account. [Ans. at ¶ 14-15]. He further admitted had the ability to write checks and cause funds to be disbursed, or to refuse and retain the funds in the FSB Checking Account. For example, at the Hearing, Defendant admitted he decided to retain part of the funds for himself. [ECF No. 21] His stated justification was that he had previously loaned a great deal of money to the Debtor over the years for the Debtor's debts and expenses. These are all examples of dominion and control, and as a matter of law, Debtor is an "initial transferee" under Section 550(a)(1).

In the Response, Defendant argues he is not liable for the Transfer because he was a "mere conduit between other parties in the transactional chain and is not a transferee within the scope of Section 550(a) of the Bankruptcy Code." [ECF 20, at ¶27] Defendant's understanding of the "mere conduit" concept is fundamentally flawed. In this matter, Defendant deposited the Check into his checking account at Financial Security Bank ("FSB"). In this matter, FSB represents a classic example of a "mere conduit." Bonded Financial Services, Inc. v. European American Bank, 838 F.2d 890, 891 (7th Cir. 1988). The "mere conduit" exception is generally reserved for financial intermediaries such as banks, real estate escrows, title companies, and securities and investment brokers who may have possession of transferred funds in their capacity as a depository. Id. But a conduit is fundamentally different than an initial transferee because it cannot satisfy the dominion and control test set forth by the Eighth Circuit. In re AgriProcessors, Inc., at 604-605. For all the foregoing

reasons, Defendant is liable for the Transfer as an "initial transferee" pursuant to Section 550(a)(1).

## CONCLUSION

The Transfer is avoidable because it was "constructively" fraudulent. The subjective intentions of Debtor and Defendant are irrelevant. It is avoidable, as a matter of law, because Debtor received less than the Transfer and the objective financial impact of the Transfer was to deplete the Debtor's estate by $8,000. Furthermore, Defendant exercised dominion and control over the $8,000 after the Transfer occurred. Thus, under Section 550(a)(1) he is liable for the Transfer.

**IT IS HEREBY ORDERED:**

1. The Motion is granted.

2. Pursuant to 11 U.S.C. §§ 105, 548(a)(1)(B) and 550(a)(1), Defendant is liable to Plaintiff for the sum of $8,350, representing the value of the avoidable transfer plus the filing fee for this action.

DATED: June 11, 2024

/e/Kesha L. Tanabe
_____
Kesha L. Tanabe
United States Bankruptcy Judge